IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INDEMNITY COMPANY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | CV-09-BE-0031-S |
| ] | |
| **PATRICIA IVEY,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |

**MEMORANDUM OPINION**

This declaratory judgment action comes before the court on the Defendant's Motion to Dismiss under the *Wilton/Brillhart* Doctrine[1] (doc. 7). The parties have fully briefed the motion. For the reasons stated below, the court finds the motion is due to be granted, and this action dismissed without prejudice.

**Facts**

This declaratory judgment action arises from a dispute as to insurance coverage on a property owned by Ivey that was damaged by fire. Allstate engaged in an investigation. The attorneys for both parties exchanged much correspondence. In fact, two days before Allstate filed suit, Ivey's attorney inquired about the status of Allstate's adjustment of the claim and reiterated, "please let me know where things stand. I have held off thus far in filing the

---

[1] This doctrine derives its name from two Supreme Court cases, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995), and *Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). Ivey also challenges the sufficiency of Allstate's allegations of fraud under the requirements of Fed. R. Civ. P. 9(b); because of the court's ruling under the first ground, it need not address the adequacy of the pleadings.

1

complaint, but will be unable to do so for much longer."

Allstate filed its declaratory judgment action in this court on January 11, 2009, seeking a declaration that it owed no coverage for the fire loss. Allstate has asserted various defenses to coverage in its declaratory judgment action, although it had not notified Ivey of a denial of coverage before filing suit.

Ivey filed suit in state court on February 10, 2008, against Allstate for breach of contract, bad faith, and unjust enrichment. She also named as defendants Nesbitt & Associates, Inc. and Clark's Insurance Center of Talladega, Inc. – both Alabama residents. She asserted breach of contract claims against both Alabama defendants for failing to properly obtain insurance on the damaged property, which Allstate claims was not valid; she also asserts a negligence claim against Nesbitt. The claims against these Alabama entities could not be added to Allstate's case here, because they would destroy diversity jurisdiction.

## Discussion

Ivey asserts that Allstate's declaratory judgment action should be dismissed under the *Wilton/Brillhart* doctrine. That doctrine derives its name from two Supreme Court cases, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and *Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S. 491 (1942). In *Wilton*, the Supreme Court explained that district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Wilson*, 515 U.S. at 286. The Supreme Court also noted that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." *Id.* The Supreme Court further admonished in *Brillhart* that, when determining whether to stay or dismiss a declaratory

2

judgment action, district courts must consider "whether the claims of all the parties in interest [could] satisfactorily be adjudicated in [the declaratory action], whether necessary parties have been joined, [and] whether such parties are amenable to process in [the declaratory action]." *Brillhart*, 316 U.S. at 495.

The Supreme Court explained that the Declaratory Judgment Act, 28 U.S.C. § 2001, *et seq.*, is "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigants." *Wilton*, 515 U.S. at 287. The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

The Declaratory Judgment Act was never intended to be used as a tactical device in furtherance of an insurer's attempt to forum shop. *See United Ins. Co. of Am. v. Harris*, 939 F. Supp. 1527, 1535 (M.D. Ala. 1996) (condemning an insurer's filing of a declaratory action to cut off an insured's right to a state forum as "procedural fencing" and dismissing the insurer's complaint without prejudice). A district court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully and finally resolve the controversy between the parties." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982).

In *Ameritas*, the Eleventh Circuit announced nine guideposts to inform a district court's decision whether to decline to entertain a declaratory judgment action on the merits when a

proceeding in another court will fully resolve the controversy between the parties. These factors are as follows:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable;
>
> (5) whether the use of a declaratory judgment action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

This list is not exhaustive nor is any one factor controlling; "these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.*

The court has considered all of the *Ameritas* guideposts and finds that the reasons to defer to the state court proceeding outweigh those for hearing the declaratory judgment action separate from all the claims that can be asserted together in state court.

Specifically, as to the *Ameritas* factors the court finds as follows:

  (1) <u>strength of the state's interest in having the issues decided in state court</u>

Alabama law governs the coverage dispute between Allstate and Ivey. However, federal courts frequently decide cases involving state law, such as the issues involved in this case. Thus, this factor does not weigh heavily either way.

  (2) <u>whether the judgment in the federal declaratory action would settle the controversy</u>

A decision in this case would certainly resolve the controversy as between Allstate and Ivey. However, it would not resolve Ivey's claims against the insurance agents who undertook to obtain for Ivey the insurance policy that Allstate now challenges as deficient. Overlapping facts, evidence, and testimony would be presented in both cases as to the obtaining and issuing of the policy. As such, the declaratory judgment action would only resolve a portion of the controversy arising from the facts involved in the declaratory judgment action. This factor weighs in favor of dismissal.

  (3) <u>whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue</u>

The declaratory action would clarify the relation between Allstate and Ivey, but would leave unresolved other relations. This factor, thus, is neutral.

  (4) <u>whether the declaratory remedy is being used merely for the purpose of "procedural fencing"</u>

Although Allstate denies any "procedural fencing," methinks Allstate doth protest too much. The correspondence between Allstate and Ivey's counsel shows Ivey made repeated requests for a determination from Allstate about her claim. After putting her off and promising a decision, Allstate filed suit two days later with what appears to be a hastily drafted complaint.

Allstate was aware of Ivey's dispute with the agents and that she would have a claim against them. Allstate has engaged in "procedural fencing" by filing a declaratory judgment action in federal court when all of the issues surrounding Ivey's property loss could not be resolved. The fact that Ivey filed her state court action a month after Allstate filed this suit is of no consequence, because Allstate had been put on notice of her intent to file suit. This factor supports dismissal in favor of the state court action.

  (5) <u>whether the declaratory judgment action would increase friction between federal and state courts</u>

  The overlapping factual issues invite conflict and friction between the two tribunals. The result of allowing this declaratory judgment action to continue concurrently with the state court action would be an untenable race between the two courts, "with the loser straining against the yoke of the winner's decision and potentially facing the unenviable catch 22 of acceding to the other courts' ruling with which it disagrees or, alternatively, diverging from the other court's ruling and reaching an inconsistent result." *Westchester Surplus Lines Ins. Co. v. Romar House*, No. 08-0455-WS-M, 2008 WL 5412937, at *5 (S.D. Ala. Dec. 29 2008). This factor favors abstention in deference to the state court where all claims can be resolved consistently and efficiently.

  (6) <u>whether an alternative remedy is better and more effective</u> and (7) <u>whether underlying factual issues are important to a resolution of the case</u>

  These two factors converge in this case. Ivey's claims against Allstate, Nesbitt, and Clark, and Allstate's claims for declaratory judgment all arise out of the same nucleus of operative facts; such factually intertwined claims generally should be heard together in one suit. *See* 28 U.S.C. § 1367. This court cannot hear all the claims because the presence of the Alabama

6

entities would destroy federal diversity jurisdiction. All the claims, however, can be heard in the state court proceeding. Judicial efficiency, thus, warrants dismissal without prejudice of Allstate's declaratory judgment action.

Allstate's responsive brief only mentions the "frivolous" unjust enrichment claim against Allstate, Nesbitt & Associates, and Clark's Insurance, arguing that the claim should not be considered here. It ignores Ivey's claims against Nesbitt & Associates for negligence and the breach of contract claims against Nesbitt & Associates and Clark's Insurance that are intertwined with the facts surrounding the insurance coverage dispute between Ivey and Allstate. Judicial efficiency requires that all these claims be resolved in one forum. Because Ivey's claims against the Alabama agents would defeat diversity, those claims cannot be resolved in federal court. Thus, the only forum where all the claims arising out of the issuance of the insurance policy and the subsequent fire loss can be resolved is in the state court proceeding instituted by Ivey. Thus, the state court provides a better, more effective, and efficient forum where all the underlying facts can be presented and resolved in one case. These factors heavily weigh in favor of dismissal.

    (8)    <u>whether the state court is in a better position to evaluate those factual issues than is the federal court</u> and (9) <u>whether a close nexus arises between the issues and state law/public policy, or whether federal law dictates resolution of the declaratory judgment action</u>

These two factors appear to be less significant here. Both the state and federal court can resolve the factual issues, but the state court can resolve <u>all</u> the legal issues . No Alabama state law or public policy bears a close nexus to the issues, except that Alabama law governs. Federal courts regularly apply state law with relative ease. As the Eleventh Circuit

stated in *Ameritas*, the Declaratory Judgment Act only gives federal court the ability to hear declaratory actions, but "it does not impose a duty to do so." *Ameritas*, 411 F.3d at 1330. Thus, these two factors are neutral.

The court is convinced that in this case the *Ameritas* guideposts support dismissal without prejudice of Allstate's declaratory judgment action. Allstate can pursue the same remedy in state court where all the claims that arise from Ivey's fire loss can be adjudicated. The court will enter a separate order to that effect simultaneously.

DONE and ORDERED this 26th day of June, 2009.

                                                    /s/ Karon O. Bowdre

                                                  KARON OWEN BOWDRE
                                                  UNITED STATES DISTRICT JUDGE